IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Jacquelyn Marie Kendall, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Carolyn W. Colvin,[1] Acting Commissioner )<br>of Social Security, )<br>)<br>Defendant. )<br>) | Civil Action No. 5:12-3060-TMC<br><br>**ORDER** |

The plaintiff brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits under the Social Security Act.  (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court reverse and remand this matter to the Commissioner for further proceedings. The parties were advised of their right to file objections to the Report. (ECF No. 42-1). In lieu of objections, the Commissioner filed a notice that she would not object (ECF No. 44) and the plaintiff has not filed objections, though the time to do so has now run.  Accordingly, this matter is now ripe for the court's review.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  In the absence of objections, this court is not required to provide an explanation for adopting the Report.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the

---

[1]  Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2012. Pursuant to Fed. R. Civ. P. 25(d), Colvin should be substituted for Michael J. Astrue.

absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The court has thoroughly reviewed the record and agrees with the Report's analysis. Accordingly, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings consistent with the Report.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
January 28, 2014