IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

Jacquelyn Marie Kendall,

                        Plaintiff,

    v.

Carolyn W. Colvin, Acting Commissioner
of Social Security Administration,[1]

                        Defendant.

Civil Action No. 5:12-3060-TMC

**ORDER**

On April 29, 2014, the plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, on the basis that she was the prevailing party and the position taken by the Commissioner in this action was not substantially justified. (ECF No. 49). In her petition, the plaintiff sought an award of $6,050.89. The Commissioner responded on May 15, 2014, stating that the parties, through counsel, agreed to a reduced award of $5,700.00. (ECF No. 50).

Under the EAJA, a court shall award attorney's fees to a prevailing party[2] in certain civil actions against the United States, unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. *Pierce v. Underwood,* 487 U.S. 552 (1988); *May v. Sullivan*, 936 F.2d 176, 177 (4th Cir. 1991).

The district courts also have broad discretion to set the attorney fee amount. In

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 4, 2013. Therefore, pursuant to Federal Rule of Civil Procedure 25(d), Colvin should be substituted for Michael J. Astrue as the defendant in this action.

[2] A party who wins a remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300–302 (1993). Thus, the plaintiff here was a prevailing party. (*See* ECF No. 46 (order remanding case pursuant to sentence four)).

determining the fee award, "[e]xorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize and discount." *Hyatt v. North Carolina Dep't of Human Res.*, 315 F.3d 239, 254 (4th Cir. 2002) (citing *Comm'r v. Jean*, 496 U.S. 154, 163 (1990)). Additionally, the court should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B).

Applying this standard to the facts of this case, the court concludes that the Commissioner's position was not substantially justified. Therefore, after a thorough review of the record, the court finds that the plaintiff has made a proper showing under the EAJA and, therefore grants the plaintiff's motion for attorney's fees (ECF No. 49).

Accordingly, the court orders that the plaintiff be awarded $5,700.00 in attorney fees.[3]

**IT IS SO ORDERED**.

s/Timothy M. Cain
United States District Judge

June 2, 2014
Anderson, South Carolina

---

[3] The court notes that the fees must be paid to the plaintiff, not her attorney. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (same).